IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO GUIZAR, | ) | No. C 05-0557 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR STAY;** |
| | ) | **STAYING CASE; VACATING REFERRAL** |
| | ) | **TO PRO SE PRISONER MEDIATION** |
| v. | ) | **PROGRAM; VACATING DEADLINE FOR** |
| | ) | **SERVICE OF UNSERVED DEFENDANTS;** |
| | ) | **DENYING MOTIONS FOR APPOINTMENT** |
| J. WOODFORD, et al., | ) | **OF COUNSEL AND FOR EXTENSION OF** |
| | ) | **TIME; INSTRUCTIONS TO CLERK** |
| Defendants. | ) | |
| | ) | (Docket Nos. 33, 36, 38) |

On February 7, 2005, plaintiff, a California prisoner currently incarcerated at Corcoran State Prison ("Corcoran") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that prison officials violated his constitutional rights by placing him in administrative segregation and, eventually, the secured housing unit ("SHU") after he was validated as a gang associate. On July 26, 2005, the Court found the complaint, liberally construed, stated cognizable claims, and ordered the complaint served upon twelve defendants.[1]

The United States Marshal ("Marshal") successfully served seven defendants ("the served defendants"), who jointly filed a motion for summary judgment. By order filed

---

[1] Claims against two other defendants, J. Marshall and H. McEnroe, were dismissed for failure to state a cognizable claim for relief.

March 27, 2007, the Court denied the motion for summary judgment, finding, <u>inter alia</u>, that defendants are not entitled to qualified immunity.  With respect to the five unserved defendants, specifically, Coziahr, Basso, Wohlwend, Pottieger and James, the order provided that if plaintiff failed to either effectuate service upon them or provide the Court with their accurate current location within 30 days, plaintiff's claims against said defendants would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Additionally, by said order, the Court referred the case to Magistrate Judge Nandor Vadas for the purpose of conducting, within 45 days, mediation proceedings pursuant to the Pro Se Prisoner Mediation Program.  Thereafter, on April 24, 2007, the served defendants filed a notice of appeal of the Court's March 27, 2007 order denying their motion for summary judgment as to the issue of qualified immunity.

     Now before the Court are several motions, which the Court addresses below in the order of their filing.

     1.  On April 4, 2007, plaintiff filed a motion for appointment of counsel.  Plaintiff's motion is hereby DENIED as there are no exceptional circumstances warranting such appointment.  <u>See</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981) (finding no constitutional right to counsel in civil case).

     2.  Concurrently with their appeal, the served defendants filed a motion to stay all proceedings in this action pending resolution of the appeal.  An order denying a defendant's motion for summary judgment, although not a final order, nonetheless is immediately appealable where the defendant is a public official asserting a qualified immunity defense and the issue on appeal is whether the undisputed facts show a violation of "clearly established law" as defined for purposes of such defense.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 528 (1985).  Once a notice of appeal is filed, the district court loses jurisdiction over the matters that are the subject of the appeal.  <u>Natural Res. Def. Council, Inc. v. Southwest Marine Inc.</u>, 242 F.3d 1163, 1166 (9th Cir. 2001).  Here, in light of the matters affected by the served defendants' appeal of the March 27, 2007 order, good cause exists to stay all proceedings before this Court until such appeal is resolved.

Accordingly, defendant' motion to stay is hereby GRANTED. All proceedings in the above-titled matter are hereby STAYED until the United States Court of Appeals issues its mandate with respect to its decision on defendants' appeal of the March 27, 2007 order. The referral to the Pro Se Prisoner Mediation Program, as well as the deadline for plaintiff to serve or provide the location of the unserved defendants, as ordered on March 27, 2007, are hereby VACATED.

3. In light of the stay, plaintiff's motion for an extension of time in which to locate or serve the unserved defendants is hereby DENIED as moot.

This order terminates Docket Nos. 33, 36 and 38.

The Clerk shall close the file for administrative purposes pending resolution of the appeal.

IT IS SO ORDERED.

DATED: May 2, 2007

_____
MAXINE M. CHESNEY
United States District Judge