IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUIZAR,<br><br>            Plaintiff,<br><br>  v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>_____ | No. C 05-0557 MMC (PR)<br><br>**ORDER DENYING MOTION FOR STAY; DISMISSING DEFENDANTS BASSO AND POTTIEGER; DIRECTING CLERK TO ISSUE SUMMONS AND UNITED STATES MARSHAL TO SERVE DEFENDANTS COZIAHR, JAMES AND WOHLWEND**<br><br>**(Docket No. 64)** |

      This pro se prisoner matter has a lengthy procedural history. The facts relevant to the instant order can be summarized as follows: On February 7, 2005, plaintiff, a California prisoner currently incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleges that prison officials at Salinas Valley State Prison, where plaintiff was incarcerated from July 18, 1996 to March 31, 1999, violated his constitutional rights by placing him in administrative segregation and, eventually, the secured housing unit, after he was validated as a gang member. In its Order of Partial Dismissal and Service, filed July 26, 2005, the Court found the complaint, liberally construed, stated cognizable claims, and ordered the complaint served upon twelve defendants.

The United States Marshal successfully served seven defendants ("the served defendants"), specifically, defendants Alameida, Alexander, Godfrey, Harris, Tingey, Virrueta and Woodford, and those defendants jointly filed a motion for summary judgment. In its Order Denying Defendants' Motion for Summary Judgment, filed March 27, 2007, the Court (1) granted summary judgment on plaintiff's claim that "some evidence" did not support his placement in administrative segregation, (2) denied summary judgment on plaintiff's claim that he had been denied an adequate opportunity to present his views to the prison officials charged with deciding whether to place and retain him in administrative segregation, (3) denied summary judgment to supervisorial defendants Woodford and Alameida on plaintiff's claim that said defendants had failed to adequately train and supervise the prison officials who made the decisions to place and retain plaintiff in administrative segregation, and (3) denied qualified immunity to all defendants.

Additionally, by that same order, the Court required plaintiff, within thirty days thereof, to either effectuate service on, or provide the Court with a current address for, the five unserved defendants, specifically, Coziahr, Basso, Wohlwend, Pottieger and James; the Court further advised plaintiff that if he failed to do so as to one or more of such defendants, his claims against any such defendant(s) would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Thereafter, the served defendants filed a notice of appeal of the order denying their motion for summary judgment on grounds of qualified immunity. Following the filing of said appeal, the Court granted defendants' request to stay all proceedings pending a decision by the Ninth Circuit, including a stay of the deadline for plaintiff either to serve or provide the location of the unserved defendants.

Thereafter, the Ninth Circuit, in a Memorandum decision filed June 11, 2008, reversed the Court's denial of qualified immunity with respect to defendant Virrueta. The Ninth Circuit affirmed, however, the denial of qualified immunity with respect to defendants Alameida, Alexander, Godfrey, Harris, Tingey and Woodford, finding a triable issue of fact existed as to whether plaintiff was afforded the opportunity to present his views to the prison

2

officials who had decided to place and retain him in administrative segregation, and the matter was remanded to this Court for further proceedings. Those defendants subsequently filed a motion to dismiss the claims against them, on the ground plaintiff had failed to exhaust his administrative remedies with respect thereto. By order filed February 8, 2010, the Court granted the motion to dismiss. By that same order, the Court reinstated its prior directive that plaintiff, to avoid dismissal of the five unserved defendants pursuant to Rule 4(m), either himself effectuate service on them within thirty days or, within that same time period, provide the Court with a current address for them.

On February 22, 2010, plaintiff sent a letter to the Court providing service addresses for three of the five unserved defendants, specifically, defendants Coziahr, James and Wohlwend, and, on March 15, 2010, filed a notice of appeal of the Court's order dismissing his claims against the served defendants. Also on March 15, 2010, plaintiff filed a motion for a stay of all further proceedings pending resolution of the appeal. By order filed April 14, 2010, the Ninth Circuit dismissed the appeal on the ground that the Court of Appeals lacked jurisdiction because the challenged order was not final or appealable; the mandate issued on May 6, 2010. (Docket Nos. 66, 68.)

Based on the above, plaintiff's motion to stay proceedings in this matter will be denied as moot.

Further, as plaintiff has failed either to serve or provide the Court with a current address for defendants Basso and Pottieger, those defendants will be dismissed from this action without prejudice pursuant to Rule 4(m). The United States Marshal will be directed to serve defendants Coziahr, James and Wohlwend at the addresses provided by plaintiff.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to stay proceedings pending appeal is hereby DENIED. (Docket No. 64.)

2. Defendants Basso and Pottieger are hereby DISMISSED from this action without prejudice under Rule 4(m).

3

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the complaint in this matter and all attachments thereto (Docket No. 1), and a copy of this order upon defendants Coziahr, James and Wohlwend at the addresses provided by plaintiff in Docket No. 60.</u>

4. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

5. The Court hereby extends the time to file an answer or waiver of answer, <u>see</u> 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

6. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

7. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

8. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

4

>        The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

>    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

>        The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>        Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    9. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

10. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 64.

IT IS SO ORDERED.

DATED: May 21, 2010

_____
MAXINE M. CHESNEY
United States District Judge