IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUIZAR,<br><br>　　　　Plaintiff,<br>　v.<br>J. WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 05-0557 MMC (PR)<br><br>**ORDER DIRECTING CLERK TO REISSUE SUMMONS AND UNITED STATES MARSHAL TO SERVE DEFENDANTS WOHLWEND, COZIAHR, AND JAMES** |

　　　　The above-titled pro se prisoner action has a lengthy procedural history that was summarized by the Court in its most recent order, filed May 21, 2010. (Docket No. 70.) The instant order concerns the service of the complaint on the three remaining defendants to the action, defendants S. Wohlend, M. Coziahr and S. James.

　　　　In its May 21, 2010 order, the Court directed the Clerk of the Court to issue summons, and the United States Marshal to serve, said defendants at the addresses provided by plaintiff. To date, none of the defendants has been served. Specifically: (1) the summons was returned unexecuted as to S. Wohlend, for the reason that he is employed by a different agency at a different address than the one provided by plaintiff (see Docket Nos. 60, 73); (2) the summons was returned unexecuted as to M. Coziahr, for the reason that he could not be located at one of the two addresses provided by plaintiff for said defendant (see Docket Nos. 60, 78); and (3) no summons, either executed or unexecuted, has been returned as to S.

James.

In the interest of resolving the service matters herein, and good cause appearing, the Court will order the Clerk to reissue summons and the United States Marshal to serve defendants S. Wohlend and M. Coziahr at the alternate addresses set forth below, and to re-serve defendant S. James at the address initially provided by plaintiff. (<u>See</u> Docket No. 60.)

Should the summonses be returned unexecuted, the above defendants will be dismissed from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]  Further, as at that point there will be no remaining defendant against whom the action can proceed, the case will be dismissed and the file closed.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall reissue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the complaint in this matter and all attachments thereto (Docket No. 1), and a copy of this order upon defendants S. Wohlend, M. Coziahr and S. James at the following addresses:</u>

S. Wohlend at:

>Office of Correctional Safety,
>1515 S Street, Room 201-N
>Sacramento, CA  95811

M. Coziahr at:

>1113 W. La Rav Street
>Pensacola, FL  32501

S. James at:

>Long Beach Parole #3
>2165 East Spring Street 2d Floor
>Long Beach, CA  90806

---

[1] The Court previously has explained to plaintiff his obligation to serve defendants in accordance with Rule 4(m). (<u>See</u> Docket Nos. 31, 59, 70.)

2

2. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

3. The Court hereby extends the time to file an answer or waiver of answer, see 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

4. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

5. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

3

shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    9. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

    10. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    11. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the

document to defendants or defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: February 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge