IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUIZAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 05-0557 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS JAMES AND WOHLWEND'S MOTION TO DISMISS; DISMISSING UNSERVED DEFENDANT COZIAHR; DIRECTIONS TO CLERK**<br><br>**(Docket No. 81)** |

　　　On February 7, 2005, plaintiff, a California prisoner currently incarcerated at Corcoran State Prison ("Corcoran") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. Now pending before the Court is defendants James and Wohlwend's motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff failed to exhaust administrative remedies. Plaintiff has filed an opposition to the motion and defendants have filed a reply.

## PROCEDURAL BACKGROUND

　　　The instant action has a lengthy procedural history. As noted, plaintiff filed the action on February 7, 2005. In his complaint, plaintiff alleges that prison officials at Salinas Valley State Prison ("SVSP"), where plaintiff was incarcerated from July 18, 1996 to March 31,

1999, violated his constitutional rights by placing him in administrative segregation and, eventually, the secured housing unit ("SHU"), after he was validated as a gang member.[1] In its Order of Partial Dismissal and Service, filed July 26, 2005, the Court found the complaint, liberally construed, stated cognizable claims, and ordered the complaint served upon twelve defendants.[2] (Docket No. 3.)

Initially, the United States Marshal successfully served seven defendants, specifically, defendants Alameida, Alexander, Godfrey, Harris, Tingey, Virrueta and Woodford, and those defendants jointly filed a motion for summary judgment. In its Order Denying Defendants' Motion for Summary Judgment, filed March 27, 2007, the Court (1) denied summary judgment on plaintiff's claim that he had been denied an adequate opportunity to present his views to the prison officials charged with deciding whether to place and retain him in administrative segregation, (2) denied summary judgment to supervisorial defendants Woodford and Alameida on plaintiff's claim that said defendants had failed to adequately train and supervise the prison officials who made the decisions to place and retain plaintiff in administrative segregation, and (3) denied qualified immunity to all defendants. (Docket No. 31.)

By that same order, the Court further directed plaintiff to, within thirty days, either effectuate service on, or provide the Court with a current address for, the five unserved defendants, specifically, Coziahr, Basso, Wohlwend, Pottieger and James, and informed plaintiff that a failure to do so would result in dismissal of his claims against those defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Additionally, by said order, the Court referred the case to Magistrate Judge Nandor Vadas for the purpose of conducting, within forty-five days, mediation proceedings pursuant to the Pro Se Prisoner Mediation Program.

---

[1] As secured housing is a category of administrative segregation, the Court, for ease of reference, refers herein to both as "administrative segregation."

[2] Claims against two other defendants, J. Marshall and H. McEnroe, were dismissed for failure to state a cognizable claim for relief.

Thereafter, the served defendants filed a notice of appeal of the order denying their motion for summary judgment on grounds of qualified immunity.  Following said appeal, the Court granted defendants' request to stay all proceedings pending a decision by the Ninth Circuit, and vacated the referral to the Pro Se Prisoner Mediation Program, as well as the deadline for plaintiff either to serve or provide the location of the unserved defendants.  (Docket No. 40.)

The Ninth Circuit, in a Memorandum order filed June 11, 2008, reversed the Court's denial of qualified immunity with respect to defendant Virrueta.  (Docket No. 44.)  The Ninth Circuit affirmed the denial of qualified immunity with respect to defendants Alameida, Alexander, Godfrey, Harris, Tingey and Woodford, finding a triable issue of fact existed as to whether plaintiff was afforded the opportunity to present his views to the prison officials who had decided to place and retain him in administrative segregation, and the matter was remanded to this Court for further proceedings.  (Id.)  On remand, those six defendants filed a motion to dismiss the claims against them, on the ground plaintiff had failed to exhaust his administrative remedies with respect thereto.

By order filed February 8, 2010, the Court granted the motion to dismiss.  (Docket No. 59.)  By that same order, the Court reinstated its prior directive that plaintiff, to avoid dismissal of the five unserved defendants pursuant to Rule 4(m), either himself effectuate service on them within thirty days or, within that same time period, provide the Court with a current address for them.

On February 22, 2010, plaintiff sent a letter to the Court providing service addresses for three of the five unserved defendants, specifically, defendants Coziahr, James, and Wohlwend.  On May 21, 2010, the Court dismissed defendants Basso and Pottieger without prejudice, and directed the United States Marshal to re-issue summons for defendants Coziahr, James, and Wohlwend.  (Docket No. 70.)  As of the date of this order, defendant Coziahr has not been served.  Defendants James and Wohlwend have been served, and, as noted, their motion to dismiss is before the Court.

**DISCUSSION**

A.  Motion to Dismiss

Defendants James and Wohlwend (hereinafter "defendants") move to dismiss plaintiff's claims on the ground plaintiff has failed to exhaust his administrative remedies, as is required under 42 U.S.C. § 1997(e).  Defendants argue dismissal is proper for the same reasons the Court granted dismissal of the seven originally served defendants in its order of February 8, 2010.  The Court agrees.

Plaintiff exhausted only one administrative appeal while at SVSP, Inmate Appeal SVSP-A-98-00482.  (Decl. N. Grannis in Supp. Mot. Dismiss, Docket No. 51, at ¶¶ 5-6, Ex. A.)  In it's order of February 8, 2010, the Court analyzed the appeal and found it addressed only one issue: the prison's failure to schedule a timely hearing.  (Docket No. 59 at 12.)  Plaintiff did not allege in the administrative appeal that he was denied an opportunity to present his views, and prison officials responding to the appeal did not address that issue.  (See id. at 9-11.)  Thus, plaintiff did not exhaust the sole cognizable claim in this case, specifically, his claim that he was denied the opportunity to present his views to officials charged with his placement in administrative segregation.[3]

Plaintiff makes no showing as to how the analysis supporting the Court's February 8, 2010 order of dismissal applies any differently to defendants James and Wohlwend, and, to the extent plaintiff failed to exhaust administrative remedies regarding his claims against them, the Court finds said two defendants are similarly situated to the defendants dismissed in said order.  Accordingly, defendants James and Wohlwend's motion to dismiss will be granted.

---

[3]As explained in the Court's February 8, 2010 order, 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claims to each level of administrative review before raising the claims in a § 1983 action in federal court.  See Woodford v. Ngo, 548 U.S. 81, 84-85 (2006).  In order to properly exhaust administrative remedies under § 1997e(a), the grievance must contain factual detail sufficient to put prison officials on notice of the specific nature of the inmate's claim.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

4

B.     Unserved Defendant Coziahr

Two attempts to serve defendant Coziahr have been unsuccessful, and plaintiff has been unable to provide a current address for said defendant. Accordingly, defendant Coziahr will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants James and Wohlwend's motion to dismiss is hereby GRANTED.

2. Defendant Coziahr is hereby DISMISSED from this action without prejudice under Rule 4(m).

3. Because the unexhausted claims have been dismissed, and the unserved defendants have been dismissed, there is nothing remaining to adjudicate in this action. The action is therefore DISMISSED.

4. The Clerk shall enter judgment and close the file.

This order terminates Docket No. 81.

IT IS SO ORDERED.

DATED: December 1, 2011

_____
MAXINE M. CHESNEY
United States District Judge

5